IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01235-BNB

JERRY L. MASKE,

    Plaintiff,

v.

ERIK MATHYS, DDS,

    Defendant.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 16 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff Jerry L. Maske initiated this action by filing a *pro se* Complaint. On June 4, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Maske to show cause why the Complaint and the action should not be dismissed for lack of subject matter jurisdiction. On June 8, 2009, rather than responding to Magistrate Judge Boland's Order to Show Cause, Mr. Maske filed a second Complaint.

The Court must construe both Complaints liberally because Mr. Maske is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaints reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. See *id.*

Mr. Maske alleges that he is a disabled adult on a limited income and that Defendant garnished funds from his bank account that were not owed to him. Mr. Maske contends he has suffered severe emotional distress that adversely has affected his disability, and he seeks $100,000 in damages.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. **See McAlester v. United Air Lines, Inc.**, 851 F.2d 1249, 1252 (10th Cir. 1988). Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." **Basso v. Utah Power & Light Co.**, 495 F. 2d 906, 909 (10th Cir. 1974); see also **United States v. Bustillos**, 31 F.3d 931, 933 (10th Cir. 1994) (noting that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.").

The Court has examined both of the Complaints filed in this action and finds that Mr. Maske fails to allege proper jurisdiction. Even if the Court were to construe that Mr. Maske is asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction exists only if the parties are citizens of different states. Magistrate Judge Boland noted in his show cause order that both Mr. Maske and Defendant are residents of the State of Colorado and that there appears to be a lack of complete diversity in this action. Mr. Maske has not satisfied his burden of alleging the facts essential to

show proper jurisdiction. Therefore, the Complaints and the action will be dismissed for lack of subject matter jurisdiction. Accordingly, it is

ORDERED that both Complaints and the action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

DATED at Denver, Colorado, this 15 day of July, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01235-BNB

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/16/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk